UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------------X
:
PEARL SEAS CRUISES, LLC,                    :    CIVIL ACTION NO.
                                            :    3:11-CV-201 (JBA)
                    Petitioner,             :
                                            :
         v.                                 :
                                            :
IRVING SHIPBUILDING INC.,                   :
                                            :
                    Respondent.             :
                                            :    JULY 5, 2011
-----------------------------------------------------------------------X


**REPLY MEMORANDUM IN SUPPORT OF RESPONDENT'S CROSS-MOTION
TO DISMISS THE PETITION TO VACATE ARBITRAL AWARD**

John B. Farley, Esq.
CT Fed. Bar No. 02239
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel.: (860) 522-6103
Fax: (860) 548-0006
Email: farley@halloran-sage.com

Stanley McDermott III, Esq. (phv 04214)
David S. Wenger, Esq. (phv 04215)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 335-4790
Fax: (212) 884-8490
Email: stanley.mcdermott@dlapiper.com
Email: david.wenger@dlapiper.com

*Counsel for Respondent
Irving Shipbuilding Inc.*

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT .................................................................................................... 1
      A.    The FAA Precludes Pearl Seas' Petition ................................................................. 4
      B.    Pearl Seas' Allegations Of Delay Are Also Not Justiciable .................................. 5
ARGUMENT .................................................................................................................................. 4
      A.    The Petition To Vacate The Nov. 9 PFA Is Not Justiciable ................................... 4
      B.    Pearl Seas' Assertions Concerning Noise And Vibration Are Irrelevant .............. 6
      C.    Pearl Seas' Assertions Concerning Class And Flag Approval Are
           Irrelevant ................................................................................................................ 6
CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Government of India v. Cargill, Inc.*,
   867 F.2d 130 (2d Cir. 1989)...........................................................................................2, 5

*Hasbro, Inc. v. Catalyst USA, Inc.*,
   367 F.3d 689 (7th Cir. 2004) ..........................................................................................2, 5

*I Appel Corp. v. Katz*,
   2005 WL 2995387 (S.D.N.Y. Nov. 9, 2005)...................................................................2, 5

*Michaels v. Mariform Shipping S.A.*,
   624 F.2d 411 (2d Cir. 1980).....................................................................................1, 2, 4, 5

*Pearl Seas Cruises, LLC v. Irving Shipbuilding Inc.*,
   2011 WL 577333 (D. Conn. Feb. 9, 2011) ..........................................................................4

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*,
   157 F.3d 174 (2d. Cir. 1998).................................................................................................5

*Success Village Apartments, Inc. v. Amalgamated Local 376*,
   380 F. Supp. 2d 95 (D. Conn. 2005) (Arterton, J.) ...............................................................5

**STATUTES**

9 U.S.C. § 10(a)(4).................................................................................................................1, 2, 4, 5

Respondent Irving Shipbuilding Inc. ("ISI") respectfully submits this reply memorandum in support of its cross-motion to dismiss Pearl Seas Cruises, LLC ("Pearl Seas")'s petition to vacate the arbitration panel's November 9, 2010 Partial Final Award ("Nov. 9 PFA").

### PRELIMINARY STATEMENT

A.  *The FAA Precludes Pearl Seas' Petition*.  The five counts of Pearl Seas' petition address what the arbitrators decided in the Nov. 9 PFA, *i.e.*, the ruling on the "Deliverability Issue", in which the panel majority concluded that Pearl Seas (despite 18 months of effort) had failed to demonstrate that the scores of purported deficiencies in the ship afforded grounds for rejecting the ship.   In its opposition papers ("Pearl Seas Mem."), Pearl Seas reverses course.  Its current theory is different.  It now attacks the Nov. 9 PFA for what the arbitrators did *not* decide.  That change of heart does not sustain the counts of the petition, and the Federal Arbitration Act ("FAA") still bars what Pearl Seas now tries to do.  Section 10(a)(4) of the FAA, 9 U.S.C. § 10(a)(4), provides that a court may vacate a final award if the arbitrators "so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter was not made."   As the Court of Appeals explained in *Michaels v. Mariform Shipping S.A.*, 624 F.2d 411, 414 (2d Cir. 1980), "[t]hat section has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them."  As further explained, "[i]t is only when arbitrators 'imperfectly execute' their powers and make an award that purports to be final, but is in fact not, that vacatur is appropriate under [§ 10(a)(4)]." *Michaels*, 624 F.2d at 414.   The arbitrators did not intend the Nov. 9 PFA to be their final award.  The Nov. 9 PFA is simply one more interim award in a series of interim awards, with further awards likely to follow until the arbitrators have resolved all liability-and-damages claims and issued their final award.  Pearl Seas' newly-minted assertion that the arbitrators have failed to rule on Pearl Seas' claims concerning noise and vibration (Pearl Seas. Mem. at 8) and the lack

of class certification and flag approval (*id.* at 11) are therefore legally groundless. In accordance with 9 U.S.C. § 10(a)(4) and *Michaels*, which Pearl Seas fails even to mention, this Court has no jurisdiction to adjudicate those claims. As *Michaels* holds, if the challenged award is not final, the court must dismiss the petition because "a district court does not have the power to review an interlocutory ruling by an arbitration panel." 624 F.2d at 414. "Where, as here, arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable." *Id.* at 414.

      B.      *Pearl Seas' Allegations Of Delay Are Also Not Justiciable*. Pearl Seas' further assertion that the court can vacate the Nov. 9 PFA because the arbitrators have failed to rule on the noise-and-vibration and class-and-flag approval issues "within any reasonable time limit" is also not justiciable. No authority permits a district court, during an ongoing arbitration, to review whether the arbitrators, having decided certain issues, have impermissibly not decided others. The authorities cited by Pearl Seas concern petitions to vacate *final* awards on the grounds the arbitrators failed to act in a timely manner. *See Government of India v. Cargill, Inc.*, 867 F.2d 130, 134 (2d Cir. 1989); *I Appel Corp. v. Katz*, 2005 WL 2995387 (S.D.N.Y. Nov. 9, 2005); *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689 (7th Cir. 2004). Such cases do not authorize the review of interim awards that the arbitrators do not intend to be final. In accordance with 9 U.S.C. § 10(a)(4) and *Michaels*, this Court has no power to adjudicate Pearl Seas' spurious allegation that the arbitrators have failed to decide relevant issues in a timely manner.

      The lack of justiciability aside, the allegation that the arbitrators have not complied with the Contract is groundless in the extreme. In *Government of India*, the Court of Appeals noted (when reviewing a final award) that it "has consistently held [that] any limitation upon the time in which an arbitrator can render his award [should] be a directory limitation, not a mandatory

2

one" (internal quotations omitted).  867 F.2d at 134.  The provision in Contract section 14.2.1. that the arbitrators and the parties shall use commercially reasonable efforts to conclude the hearings within 90 days of the appointment of the third arbitrator is directional, not jurisdictional.  No authority suggests that Contract section 14.2.1 imposes mandatory jurisdictional deadlines on when the arbitrators must decide all the numerous issues and claims presented to them.  Not only were the arbitrators appointed in July, 2008, long before Pearl Seas rejected the ship in May, 2009, but the arbitration record reflects the arbitrators' efforts to address the issues before them systematically and at the appropriate time.  That is especially true of the noise issue, which the panel has understandably deferred pending the installation of the new propellers that are now in Halifax and are expected to moot Pearl Seas' purported noise complaints.  *See* Nov. 9 PFA at 3-4.  And Pearl Seas ignores the fact that it has continually sought to frustrate class-and-flag approval, as the panel majority has pointedly noted.  *See* Nov. 9 PFA at 2 n.1.  While the reasons why the ship is still not classed and flagged are legion, not least because Pearl Seas refuses to take delivery of the ship despite the Nov. 9 PFA, that issue is not for this Court to address or decide.

Also irrelevant are Pearl Seas' groundless assertions that ISI has failed to cure purported defaults.  Not only have the arbitrators not found ISI in default of any provision of the Contract, but Contract section 14.2.5 expressly provides that the parties shall not be considered in default during the pendency of arbitration proceedings relating to any disputed default.

The fact of the matter is that Pearl Seas has time and again sought to protract the arbitration proceedings to avoid paying the CAN$15 million balance on the price of the ship (and other substantial breach-of-contract damages).  An apt illustration is the Deliverability Issue decided in the Nov. 9 PFA.  After Pearl Seas rejected the ship in May, 2009, it insisted on additional sea trials, in June, 2009.  In August, 2009, it submitted papers concerning the purported

deficiencies with the ship, the genesis of the "Deliverability Issue." In October, 2009, after ISI filed response papers, Pearl Seas demanded discovery. In January, 2010, it demanded hearings. After the hearings in February, March, and April, 2010—at which 19 witnesses testified (*see* Nov. 9 PFA at 1)—it submitted extensive briefs. Only in the Nov. 9 PFA were the arbitrators finally able to decide the Deliverability Issue, after 18 months of failed effort by Pearl Seas to justify its rejection of the ship. And as noted in the Nov. 9 PFA, Pearl Seas had meanwhile repeatedly objected to the arbitrators' efforts to refer regulatory issues to the regulators in accordance with Contract section 14.1.1.2. *See* Nov. 9 PFA at 2 n.1.

While Pearl Seas' purpose to derail a losing arbitration could not be more plain, its petition to vacate the Nov. 9 PFA is not justiciable, for the reasons explained in *Michaels* and by this Court in its February 9, 2011 Ruling dismissing Pearl Seas' petition to vacate the July 2 PFA. *See Pearl Seas Cruises, LLC v. Irving Shipbuilding Inc.*, 2011 WL 577333, *6-9 (D. Conn. Feb. 9, 2011).

## ARGUMENT

**A.     The Petition To Vacate The Nov. 9 PFA Is Not Justiciable.**

Pearl Seas filed the instant petition to vacate the Nov. 9 PFA on February 7, 2011, before this Court issued its Feb. 9 Ruling dismissing Pearl Seas' petition to vacate the earlier July 2 PFA. The five counts of the instant petition to vacate the Nov. 9 PFA are virtually a verbatim restatement of the petition to vacate the July 2 PFA, save that they refer to the Nov. 9 PFA. Like the July 2 PFA, the Nov. 9 PFA is not a final reviewable award. Accordingly, this Court's Feb. 9 Ruling precludes the petition to vacate it.

Pearl Seas nonetheless seeks to distinguish the Court's Feb. 9 Ruling on the grounds that 9 U.S.C. § 10(a)(4) affords it a right to petition to vacate the Nov. 9 PFA precisely *because* it is not final. *See* Pearl Seas Mem. at 16. The assertion is meritless. As *Michaels* explains, 9 U.S.C.

4

§ 10(a)(4) "has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them." *Michaels*, 624 F.2d at 414. "It is only when arbitrators 'imperfectly execute' their powers and make an award that purports to be final, but is in fact not, that vacatur is appropriate under [§ 10(a)(4)]." *Id.* That is obviously not this case because the Nov. 9 PFA does not purport to be a final award. *Cf. Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176-177 (2d. Cir. 1998) (dismissing a petition to vacate an award under 9 U.S.C. § 10(a)(4) for lack of finality when the arbitration panel had decided all issues submitted to arbitration). As a result, 9 U.S.C. § 10(a)(4) and *Michaels* explicitly preclude Pearl Seas' re-characterized petition to vacate the Nov. 9 PFA on account of what the arbitrators did not decide.

Pearl Seas' claim that this Court has authority "to vacate an award for failure to rule" (Pearl Seas Mem. at 6) is incorrect because the Nov. 9 PFA is not a final reviewable award. As noted above, the cases cited by Pearl Seas all concern challenges to final awards. *See Government of India,* 867 F.2d at 131; *Appel*, 2005 WL 2995387 at *1; *Hasbro*, 367 F.3d at 690-691; *Success Village Apartments, Inc. v. Amalgamated Local 376*, 380 F. Supp. 2d 95, 97 (D. Conn. 2005) (Arterton, J.). The Court has no power to review an interim award such as the Nov. 9 PFA not intended by the arbitrators to be the final award. *Michaels*, 624 F.2d at 414.

It is frivolous for Pearl Seas to contend that it must file its petition now lest it waive a right to object later. *See* Pearl Seas Mem. at 6-7 and 15, citing *Appel*, 2005 WL 2995387 at *8, and *Success Village*, 380 F. Supp. 2d at 98. Any timeliness objection must be made in the arbitration proceedings prior to the entry of a final reviewable award, not by means of a petition to vacate barred by 9 U.S.C. § 10(a)(4) and the *Michaels* finality rule.

5

B.  **Pearl Seas' Assertions Concerning Noise And Vibration Are Irrelevant.**

Because the Nov. 9 PFA is not a final reviewable award, it is irrelevant that the arbitrators quite sensibly deferred ruling on noise-and-vibration issues pending the installation of the new propellers designed to mitigate noise and vibration. *See* Nov. 9 PFA at 3-4. Pearl Seas ignores the fact that responsibility for the noise conditions and the likely effect of those conditions on the ship's performance are disputed. ISI claims those noise conditions are Pearl Seas' design responsibility and presented at the hearings substantial evidence to that end. There are myriad related issues, including the extent and effect of noise conditions at different ship speeds. The noise issue (in all its aspects) was therefore one of many disputed conditions addressed at the deliverability hearings in February, March, and April, 2010. The arbitrators' decision to defer decision on the noise issues pending the installation of the new propellers reflects the arbitrators' practical management of a complex arbitration. That the panel in the Nov. 9 PFA decided all the "Deliverability Issues" raised by Pearl Seas other than the noise issues hardly demonstrates arbitrator misconduct much less a willful refusal to arbitrate Pearl Seas' claims.

If the new propellers—commissioned solely by ISI, with no assistance or participation by Pearl Seas—moot the noise issues, then the arbitrators will not have to decide anything. If the propellers do not do so, or do so only in part, then the arbitrators will have to decide whatever noise issues remain. And they will, if necessary, surely decide those issues in the professional manner in which they have decided all the other issues that Pearl Seas has asked them to decide.

C.  **Pearl Seas' Assertions Concerning Class And Flag Approval Are Irrelevant.**

Because the Nov. 9 PFA is not reviewable, Pearl Seas' assertions concerning class (Lloyd's Register) and flag (Marshall Islands) approval are likewise irrelevant. But these issues, too, are disputed for myriad reasons—and are the result of Pearl Seas' willful refusal to take delivery of the ship. Among many factors, Lloyd's does not class undelivered ships in lay-up—

6

and the ship has been in lay-up for two years because Pearl Seas has sought to thwart all efforts on ISI's part to deliver the ship.  As but one example, Pearl Seas, as noted, repeatedly objected last year to the panel majority's efforts to refer to Lloyd's Register (in accordance with Contract section 14.1.1.2) the question of whether ISI has built the ship in accordance with Lloyd's Register's rules.  Another example is the Nov. 9 PFA—the majority's rejection of all the conditions (save for noise) raised by Pearl Seas (in August, 2009) as grounds for not taking delivery of the ship.  The notion that ISI could secure class and flag approvals in the face of Pearl Seas' refusal to take delivery of the ship is incorrect.  And the panel majority expressly stated in the July 2 PFA that the lack of regulatory approvals did not constitute a default entitling Pearl Seas to rescind the Contract, as Pearl Seas now seeks to do.  *See* July 2 PFA at 11-12.  But these are issues for the arbitrators to decide, not the Court.  The short of the matter is that Pearl Seas alone has orchestrated the delays of which it now purports to complain, and allegations of delay afford this Court no power to adjudicate the petition.

The arbitrators are nonetheless pushing matters forward.  At a hearing on April 1, 2011, the panel directed the parties to ask Lloyd's Register and International Registries, Inc. ("IRI"), the Marshall Islands flag administration, to confer concerning a way forward.  (Wenger Decl. Exs. 7 and 8.)  That request underscores the fact that the arbitrators are scrupulously heeding, not disregarding, the limitations imposed by Contract section 14.1.1.2.  On April 27, 2011, Lloyd's Register and IRI met and conferred.  On May 2, 2011, Lloyd's Register said it would restart the process to confirm that the ship complies with class rules and international conventions.  (Wenger Decl. Ex. 11.)  On June 27, 2011, after correspondence from the parties, Lloyd's Register provided its going-forward plan, proposing as a "first stage" that the parties meet with it

in Halifax during the week of July 11, 2011. Pearl Seas should therefore have no further reason to complain to anyone about the delays it has orchestrated.

## CONCLUSION

ISI respectfully re-urges the Court to dismiss Pearl Seas' petition.

Respectfully submitted,

**RESPONDENT**
**IRVING SHIPBUILDING INC.**

Stanley McDermott III (phv 04214)
David Wenger (phv 04215)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020-1104
Tel.: (212) 335-4790
Fax: (212) 884-8490
Email: stanley.mcdermott@dlapiper.com
Email: david.wenger@dlapiper.com

By: /s/ John B. Farley
John B. Farley
CT Fed. Bar No. 02239
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel.: (860) 522-6103
Fax: (860) 548-0006
Email: farley@halloran-sage.com