UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Pearl Seas Cruises, LLC,<br>    *Petitioner*,<br><br>    v.<br><br>Irving Shipbuilding, Inc.,<br>    *Respondent.* | Civil No. 3:11cv201 (JBA)<br><br><br>August 9, 2011 |

RULING ON CROSS–MOTION TO DISMISS
THE PETITION TO VACATE ARBITRAL AWARD

Pearl Seas Cruises, LLC ("PSC") petitions pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201, *et seq.* and 9 U.S.C. § 1, *et seq.*, for an order vacating an arbitration award dated November 9, 2010 and subsequent clarification dated November 19, 2010. Respondent Irving Shipbuilding, Incorporated ("ISI") moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, because the arbitral award and clarification do not constitute a "final award" that could be subject to vacatur under the FAA. The Court dismissed an earlier action brought by PSC against ISI based on the same on–going arbitration process, because the arbitral awards that PSC sought to vacate in that action were not final. *See Pearl Seas Cruises, LLC v. Irving Shipbuilding Inc.*, No. 3:10cv1294(JBA), 2011 WL 577333 (D. Conn. Feb. 9, 2011) (hereinafter "*Pearl Seas I*").

The petition seeks vacatur under five counts: Count One claims the arbitration panel exceeded its authority by extending indefinitely vessel delivery and regulatory–authority approval and refusing to rule on certain submitted issues; Count Two claims arbitrator misconduct by refusing to conclude hearings in ninety days and not acting promptly in certain ways; Count Three claims manifest disregard of the law governing termination of contracts; Count Four claims the arbitration panel's evident partiality favoring ISI; and

Count Five claims entitlement to vacatur under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards because the partial final awards are beyond the scope of the submission, and the arbitration procedures did not accord with the parties' arbitration agreement or public policy.

Because the November 9 award and November 19 clarification are indisputably interim, non–final awards, PSC's petition to vacate will be dismissed as not justiciable.

I.   Background

The relevant factual background to this action is set out in *Pearl Seas I*; it stems from a dispute between PSC, a nascent cruise line, and ISI, with whom PSC contracted for construction of a cruise–ship (the "vessel"). In *Pearl Seas I*, PSC petitioned to vacate a partial final award issued on July 2, 2010, in which a majority of the arbitration panel (the "Panel") determined that certain non–regulatory deficiencies with the vessel did not justify PSC's termination of the contract under Canadian law and that ISI was not in default because none of the non–regulatory defects rose to the level of a failure to perform a material requirement of the contract. Because the July 2, 2010 partial final award was only an interim award, the Court concluded that it was not justiciable and granted ISI's motion to dismiss.

This petition concerns a partial final award the Panel issued on November 9, 2010 and its November 19 clarification (together, the "November 9 PFA"), which specifically addressed the "deliverability issue" and the question of whether the vessel's deficiencies—aside from regulatory deficiencies—are proper grounds for rejection by PSC. The Panel asked PSC to identify what it saw as defects with the ship preventing delivery; PSC identified 70 issues, 17 of which were "[t]he most serious defects." The Panel analyzed grounds for rejection by PSC that did not implicate regulatory questions and determined

that those deficiencies did not entitle PSC to reject delivery, only to make price adjustment claims. In its November 19 award clarification, the Panel stated that it would "proceed further to obtain the requested advice from the Classification Society," Lloyd's Register, as to whether the vessel complied with the Classification Society's rules, and would "proceed to determine the application of Irving with respect" to approval from the flag authority, absent a determination by the Court that such inquiries would exceed the Panel's authority.

II.   Discussion

PSC's petition to vacate the November 9 PFA brought pursuant to 9 U.S.C. §§ 10(a)(3)–(4),[1] is the subject of ISI's motion to dismiss as not justiciable. As discussed in *Pearl Seas I*, under the FAA, "a district court does not have the power to review an interlocutory ruling by an arbitration panel." *Michaels v. Mariform Shipping*, 624 F.2d 411, 414 (2d Cir. 1980). "The language of the Act is unambiguous: it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award" under 9 U.S.C. § 10 "or to modify or correct it" under 9 U.S.C. § 11. *Id.* "In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them," *id.* 413–14, and "an arbitration award, to be final, must resolve all issues submitted to arbitration, and . . . it must resolve them definitely enough so that the rights

---

[1] Under Section 10(a)(3) a court may vacate an arbitration award where "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced," and under Section 10(a)(4) vacatur may be ordered where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject submitted was not made."

3

and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication," including both liability and damages. *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998).

PSC does not dispute ISI's characterization of the November 9 PFA as an interim award and does not argue that either of the recognized exceptions to the finality requirement—discussed at length in *Pearl Seas I*—applies.[2] Rather, PSC now claims to find itself in a Catch 22 of "no review of the arbitrators' actions until there is a final award, and [thus] no recourse for any failure of the arbitrators to issue a final award."

PSC cites a number of cases in which parties petitioned for vacatur of awards rendered after long delays, claiming such delays were prejudicial, but each of those cases sought to vacate an untimely *final* award, never an interim award. *See, e.g.*, *Gov't of India v. Cargill Inc.*, 867 F.2d 130, 134–135 (2d Cir. 1989) (refusing to vacate arbitral award

---

[2] The first of the two exceptions recognized by the Second Circuit concerns wholly separable claims, which may be reviewed in federal court where an award "finally and conclusively disposed of a separate and independent claim and was subject to neither abatement nor set–off," even where that award did not dispose of all the claims that were submitted to arbitration. *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986). The second exception is for explicitly–bifurcated arbitration proceedings where the parties requested that the arbitral panel bifurcate its adjudication of their claims to decide the issue of liability immediately, to be followed by a separate damages award at a later date. *Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 19 (2d Cir. 1991). This exception to the arbitration–finality requirement has only been applied where the parties expressly sought immediate determinations by means of bifurcated proceedings. *See, e.g.*, *Employers' Surplus Lines Ins. Co. v. Global Reinsurance Group*, No. 07 Civ. 2521(HB), 2008 WL 337317, *5 (S.D.N.Y. Feb. 6, 2007) (because the parties did not seek immediate determination from the arbitrators, the case was distinguishable from *Trade & Transport*); *c.f. Andrea Doreen, Ltd. v. Building Material Local Union* 282, 250 F. Supp. 2d 107, 112 (E.D.N.Y. 2003) (because the parties agreed to bifurcate liability from remedy, the arbitrator's decision on liability was final and justiciable).

because the arbitrators' decision to delay was within the scope of their power under the contract and because India was unable to show prejudice attributable to the arbitrators' delay); *I Appel Corp. v. Katz*, No 02 Civ. 8879 (MBM), 2005 WL 2995387 (S.D.N.Y. Nov. 9, 2005) (refusing to vacate final arbitral award issued after time for making award expired, because the plaintiff failed to demonstrate prejudice caused by the delay other than it fared poorly under terms of the late award); *Success Village Apartments, Inc. v. Amalgamated Local 376*, 380 F. Supp. 2d 95, 98 (D. Conn. 2005) (refusing to vacate untimely final award because the plaintiff made no showing that it objected to the delay prior to the issuance of the award, nor of actual harm stemming from the delay).

PSC correctly notes that whether the party seeking vacatur objected prior to issuance of the award is a factor in adjudicating petitions to vacate untimely arbitral awards, citing *Success Village Apartments*, 380 F. Supp.2d at 98 (quoting *West Rock Lodge No. 2120 v. Geometric Tool* Co., 406 F.2d 284, 286 (2d Cir. 1968). *See also Cargill*, 867 F. 2d at 134. However, PSC's argument that "the only logical time to bring a challenge to failure to rule under 9 U.S.C. § 10(a)(4) is prior to the issuance of the award" (Mem. Opp'n Mot. Dismiss at 15) is flawed because it assumes that the only means to make and preserve its objections to delay in issuance of a final award is through a petition to vacate an interim partial award. Courts have recognized other means by which a party to arbitration can to an arbitral panel's delay, thus preserving grounds for vacating an untimely final award without running afoul of the Second Circuit's clear finality requirement. For instance, in *Cargill*, the American Arbitration Association's Grain Arbitration Rules had a procedure to protest delay in the arbitration itself, and failure to object to the arbitration panel before it rendered an award constituted a waiver of claim of untimeliness. 867 F.2d at 134. In *Huntington Alloys Inc. v.*

5

*United Steelworkers of America*, after the sixty–day deadline for the arbitrators' decision, the employer objected to the delay in a letter to an arbitrator "withdrawing the [arbitral] Board's authority to decide the grievance," constituting pre–award objection protecting against a claim of waiver of its challenge to an untimely final award.  623 F.2d 335, 339 (4th Cir. 1980).

PSC does not claim it had no other avenue for objecting to the Panel's delay in reaching a final resolution of the parties' disputes, and in fact, objected to the Panel for its delay and failure to rule.  (*See* Pet. ¶ 58.)  However, its claims of untimeliness of a final award must await that award and are not justiciable in this petition to vacate an interim award.  Therefore, Defendant's motion to dismiss is granted.

III.    Conclusion

For these reasons, Defendant's [Doc. # 32] Cross–Motion to Dismiss the Petition to Vacate Arbitral Award is GRANTED.  The Clerk shall close this case.

IT IS SO ORDERED.

___/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of August, 2011.